[Civ. No. 4742. First Appellate District, Division One.—July 21, 1924.]

## G. F. BLAU, Respondent, v. DAN BLOSSER, Appellant.

[1] UNLAWFUL DETAINER — PLEADING — CROSS-COMPLAINT—FINDINGS—ISSUES.—In an action of unlawful detainer, where the trial court intended to strike out defendant's cross-complaint and counterclaim (a formal order to that effect having been inadvertently overlooked) and refused to allow evidence to be introduced touching such pleadings, a finding that the allegations of the cross-complaint were untrue was wholly without the issues presented, as was also a finding that the allegations of the answer to the cross-complaint were true.

[2] ID.—ISSUES — RES JUDICATA—ESTOPPEL.—Any action brought by defendant on the same causes of action attempted to be set up by such cross-complaint or counterclaim, and denied proof by the trial court as not proper subjects of litigation in such unlawful detainer action, could not be barred by the plea of *res judicata*, nor could the judgment in unlawul detainer operate as an estoppel on the particular items.

[3] ID.—FINDINGS — EVIDENCE—APPEAL.—In this action for unlawful detainer, findings in plaintiff's favor to the effect that defendant was guilty of withholding the premises in default of payment of rent, and that plaintiff was entitled to the possession of the premises, will not be disturbed on appeal, nor will the judgment based thereon be disturbed, where such findings were made on conflicting evidence.

(1) 38 Cyc., p. 1972.   (2) 34 C. J., p. 867, sec. 1279 (Anno.), p. 931, sec. 1337, p. 937, sec. 1340.   (3) 4 C. J., p. 883, sec. 2855.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South and Geo. G. Graham for Appellant.

Strother P. Walton for Respondent.

1. See 26 R. C. L. 1089.
2. See 15 Cal. Jur. 98; 15 R. C. L. 949.
3. See 2 Cal. Jur. 921; 2 R. C. L. 204.

ST. SURE, J.—This is an appeal by defendant from judgment in an action of unlawful detainer.

The premises directly involved constitute the west half of the ground floor of a building on Mariposa Street, Fresno, numbered 2027. The other half of the same floor is numbered 2029. As owner of the three-story brick building in which the premises involved are located, Lena Brownstone, on April 7, 1919, leased the entire ground floor (2027 and 2029 Mariposa Street) to G. F. Blau for a term of five years from May 1, 1919. On May 1, 1919, the time of the commencement of the lease, Blau owned a barber-shop at 2027 Mariposa Street. He also, with Dan Blosser as a partner, operated the B and B Realty Company, at 2029 Mariposa Street. Under the Brownstone lease to Blau the rental of the entire floor was $160 per month for the first three years and $175 for the last two. The lease also contained a provision against subletting for any purposes other than those mentioned in the lease, being the businesses for which it was then used by Blau either as owner or partner. In November, 1919, Blau subleased 2027 to one Guest for the remainder of the five-year term, and also sold to the latter the barber-shop he had been conducting there. Under this sublease Guest was to pay $125 per month for two and one-half years and $140 for the two years remaining on the original lease. The B and B Realty Company paid $35 for 2029, or the balance necessary to make the full rental of $160 for the first three years. In December of the same year (1919) Blau withdrew from the partnership with Blosser, taking the money due him as a partner, and went to his ranch. Blau testified that he retained both the lease from Mrs. Brownstone and the sublease to Guest; Blosser asserts that the Brownstone lease was left with him in the B and B Company safe and the Guest sublease was turned over to him a few months after Blau had gone to his ranch. He also contends that the lease from Mrs. Brownstone was taken in Blau's name alone, but for the benefit of the realty company, and that the sublease to Guest was likewise made for the benefit of the realty company. He also says that on the withdrawal of Blau from the real estate firm it was agreed that the Brownstone lease was Blosser's alone, that Blau had no further interest in it, and that the same was true as to

any dealings in connection with the Guest sublease. After Blau's withdrawal from the firm, Blosser, with his son, continued to occupy 2029, operating under the name B and B Realty Company, as had Blau and Blosser. Payments for the Guest sublease were made to Blosser after Blau's departure, and Blosser in turn made payment to Mrs. Brownstone's agent, Gill, for the entire floor, the receipts therefor probably being taken in Blau's name. Shortly after Blau left for the ranch (February, 1920) Blosser bought the barber-shop from Guest, and with Blau's assent took an assignment of the Guest sublease. The front part of the premises (2027) was then occupied by a shoe-repairing business. In February, 1923, Blosser remodeled the entire first floor, numbers 2027 and 2029, and exchanged the position of the real estate office with the shoe-repair shop (theretofore in front of the barber-shop) and a bootblack-stand. For these changes he testified he secured permission from Gill, agent of the building, expending in cost of labor and materials about $1,000. Soon after this the notice upon which this action was brought was served upon him. The amount demanded as rent is the $140 per month specified as the rent for the last two years of the term under the sublease from Blau to Guest.

A special defense was made admitting the execution of the original lease to Blau alone, but asserting that Blau and Blosser were partners and agreed to take a lease on the first floor of the building in Blau's name alone, but for the benefit of the B and B Realty Company. The same contention, that the lease was made for the benefit of the B and B Realty Co., is advanced with relation to the sublease executed by Blau to Guest.

A separate defense is made that on withdrawal from the Realty partnership Blau surrendered his entire right, title, and interest in the Brownstone lease, and also the occupancy and possession of the property thereunder, to defendant. Thereafter, according to this defense, Blau voluntarily abandoned the premises, and never thereafter, until demand in this action, asserted any interest in, or ownership thereof.

A cross-complaint alleged three causes of action which were found by the court to be unavailable in an action of unlawful detainer. This appellant conceded to be correct.

*Arnold* v. *Krigbaum,* 169 Cal. 143 [Ann. Cas. 1916D, 370, 146 Pac. 423], is direct authority on the point.

The court made findings in favor of plaintiff's allegations setting out the elements of his cause of action in unlawful detainer, except that alleging damage suffered on account of defendant's holding over, and found against the allegations in defendant's answer based on or involved with the claim that the Brownstone lease or the Guest sublease were made for the benefit of the B and B Realty Co.; that Blau had abandoned the partnership and delivered his interest in the lease to Blosser, and never thereafter asserted or retained any interest in said partnership or lease.

The trial court also found that all of the allegations of the counterclaim and cross-complaint are untrue, and that the allegations in the answer to the cross-complaint are true.

As conclusions of law the court decided that plaintiff should be restored to possession and recover the four months' rent sued for. The Guest sublease, assigned to Blosser, was declared forfeited, and the plaintiff given costs of suit.

The appellant urges three points for reversal. The first of these is that the court erred in finding the allegations of the cross-complaint to be untrue after having refused to receive any evidence thereon, and that said finding is not sustained by what evidence incidentally appears in the testimony on the subjects of said cross-complaint. Appellant's chief objection in this regard is that though he conceded the correctness of the rule that a cross-complaint or counterclaim has no place in an action of unlawful detainer, a finding such as the one complained of, if permitted to become a final judgment, may be pleaded and operate as a defense in any action brought to recover on the items embraced in the cross-complaint. He cites no authorities on the point, merely stating that the damage is so apparent that no citation of authorities is necessary. Respondent's position is that the findings relating to the counterclaim and cross-complaint were outside the issues, and immaterial, and that the judgment does not in any way depend upon them. [1] With the latter we agree. With his statement that the finding is not erroneous because no evidence was introduced in support of the cross-complaint or counterclaim, we do not agree. The motion to strike out the entire cross-complaint and counterclaim with the objection to any evidence being received under

them was made by respondent, and though no order striking them out appears, it was evident, by the court's refusal to allow evidence to be introduced touching them, and his stated agreement that they had no place in the action, that the order was intended, and its formal making inadvertently overlooked. Following such action, a finding that the allegations of the cross-complaint were untrue was wholly without the issues presented. The same follows as to the finding that the allegations of the answer to the cross-complaint are true. (*Collins* v. *Gray,* 154 Cal. 131 [97 Pac. 142]; *Thayer* v. *Tyler,* 169 Cal. 671 [147 Pac. 979].) The judgment was in no way dependent on them. The remainder of the findings fully cover all the issues necessary to a judgment in unlawful detainer, and the judgment is fully supported by them. [2] Any action brought by defendant on the same causes of action attempted to be here set up by cross-complaint or counterclaim, and denied proof by the trial court as not proper subjects of litigation (*Arnold* v. *Krigbaum, supra*), could not be barred by the plea of *res judicata,* nor could the judgment of the court below operate as an estoppel on the particular items. They were not questions which might have been litigated in this action (*Chapman* v. *Hughes,* 134 Cal. 643 [58 Pac. 298, 60 Pac. 974, 66 Pac. 982]; *Estate of Funkenstein,* 170 Cal. 594 [170 Pac. 987], Code Civ. Proc., sec. 1911), hence the judgment is in no way conclusive upon them. In so holding we have not overlooked the discussion and decision of *Dobbins* v. *Economic Gas Co.,* 182 Cal. 616 [189 Pac. 1073], and cases there cited. The judgments there reviewed on this particular point were grounded on matters voluntarily put in issue, tried, and determined. This is not such a case. No damages accruing, the judgment is not to be reversed on this ground.

[3] The second point advanced by appellant is that the record does not support the finding that defendant is guilty of withholding the premises in default of payment of rent, and the judgment for plaintiff for restoration to possession grounded thereon. Argument on this point is based on a statement that the defendant has paid or tendered the amount of the rent for the entire first floor, of which the premises in controversy are a part, each month, and has been forestalled for the months for which rent is here found to

68 Cal. App.—13

be in default, by the action of plaintiff in collecting the rents and applying them on the Brownstone lease by payment to the agent Gill. On this entire question there was a conflict of testimony, that is, whether the payments on the lease were made by defendant as agent for plaintiff, or on his own account under the theory of an assignment of the lease. The court having decided in favor of Blau on this score, the argument that a lease for years is a chattel and an assignment thereof need not be in writing is unavailing.

The same may be said for appellant's third point on the finding that plaintiff is entitled to the possession of the premises. Appellant's argument on this point is based on conclusions drawn from the evidence favorable to his theory of the case. The conflict here, regardless of the trial court's reason for the decision expounded by appellant, which does not appear in the record, was resolved in plaintiff's favor. On the oft-repeated conflict rule, interference with this finding or the judgment based on it, is forbidden this court.

The main point in the case, as appellant and respondent agree, is: "Whether or not the lease was originally taken by Blau for his individual benefit or whether it was taken by Blau and Blosser for the benefit of the partnership."

The court heard conflicting evidence on the taking of the lease, and conducted an examination of the plaintiff on the point. Its findings on the issues in the case resting on the determination of this fact were adverse to defendant.

For the reasons stated, the judgment is affirmed.

Knight, J., and Tyler, P. J., concurred.