[L. A. No. 7824.   In Bank.—May 28, 1928.]

C. F. AGNIFILI, Appellant, v. ANTONIO LAGNA, Respondent.

Culver & Nourse, Paul Nourse for Appellant.

Ernest M. Torchia, and Charles Matthews for Respondent.

CURTIS, J.—On October 19, 1921, the defendant, Antonio Lagna, entered into a written contract with one J. J. Rue, whereby Rue agreed to erect and build for Lagna four bungalows at Eagle Rock, Los Angeles County, on lots 4, 5, 6, and 7, block 5 of a certain subdivision, for the sum of $2,400 each according to certain plans and specifications, to be paid as follows: $300 when each bungalow is ready for plastering, $300 when the outside is finished and $1,800 when completed, the owner to do all painting, tinting, and paper hanging for the sum of $140, to be deducted from the contract price. This contract with the written consent of Lagna was assigned to the plaintiff. Plaintiff thereupon began work under said contract, and constructed a bungalow upon said lot 5 and at least partially constructed another upon said lot 6. At this juncture of their building venture a dispute arose between them, and plaintiff ceased to further carry out the contract, claiming that the defendant had failed to make certain payments called for under the contract, alleging that two of said houses had not been constructed; that he was ready, able, and willing to construct them according to the terms of the contract, and that defendant had refused to permit plaintiff to so construct said two houses. In this action against the defendant plaintiff sought to recover the sum of $999.13. Nine hundred and fifty dollars of said amount he alleged was the profit he would have made by the construction of said two houses had not defendant prevented him from completing his contract, and $49.13 for depreciation in value of certain lumber and building materials, which he had ordered and delivered upon the ground for the purpose of constructing said two houses. In his complaint in said action plaintiff alleged defendant forbade him to proceed with the work under said contract, and, without just cause, refused to allow plaintiff to carry out the terms of said contract, and in an amendment to his complaint plaintiff alleged as a further ground in support of his action against defendant that plaintiff entered into the performance of his contract and continued in the performance thereof until on or about the sixteenth day of February, 1922, at which time the defendant failed and refused to make the payments due to plaintiff under said contract, and that by reason of such failure plaintiff was compelled to discontinue said work, and that he elected to

treat the failure and refusal of defendant to make said payment as a breach of said contract on the part of the defendant. Defendant answered and denied in substance the material allegations of the complaint. The complaint in said action was filed March 14, 1922, and the action was numbered 103,798 in the superior court of the county of Los Angeles. Thereafter, and before the above-mentioned action had been tried, the plaintiff filed the present action in which he sought to foreclose a mechanic's lien for the reasonable value of the labor performed and materials furnished in the construction of the first two houses mentioned in said contract, that is, the houses to be constructed upon lots 5 and 6 respectively, mentioned in said contract. The complaint in this action was filed June 13, 1922, and this action is numbered 107,330 in said superior court. Plaintiff alleged in his complaint in the present action that he had completed the construction of the bungalow upon said lot 5 and had performed work and furnished materials in the construction of the bungalow upon said lot 6 of the value of $1,493; that the value of the labor performed and materials furnished entering into the construction of said bungalow upon lot 5 was $2,260 (being the contract price less $140 deducted for painting, etc.), and that defendant had paid on account of the labor and materials entering into the construction of both of said houses the sum of $801 only, leaving a balance due plaintiff for the work and materials furnished on the two bungalows, which were either constructed or were partially constructed on lots 5 and 6, of $2,952. Plaintiff further alleged in his complaint in the present action that the defendant before said second bungalow was completed without just or any cause refused to make payments due to plaintiff under the terms of said contract, by reason of which plaintiff was compelled to abandon the construction of said house before it was completed. In defendant's answer he alleges that he had paid the whole amount due for the construction of the bungalow on lot 5, except the sum of $10, and that he paid to plaintiff $300 on account of the erection of the bungalow on said lot 6, and that plaintiff without any cause or excuse has failed to erect said bungalow on lot 6, and had abandoned the same. This answer was filed on July 5, 1922. While each of these actions were pending, the first of said actions,

or action number 103,798, on October 26, 1922, came on for trial and resulted in a judgment in favor of the defendant. In said action the court found that the defendant did not at any time forbid plaintiff to proceed with the work under the terms of said contract; that defendant did not prevent or refuse to allow plaintiff to carry out the terms of said contract, but that plaintiff without sufficient notice to defendant abandoned said work and failed to comply with the terms of said contract. The court further found that defendant had not failed or refused to make any payment due plaintiff under the terms of said contract; that on March 7, 1922, defendant paid to plaintiff $300 on account of the erection of the bungalow on lot 6, and that defendant had not breached said contract. It further found against plaintiff's claim for $49.13 for depreciation of materials delivered on the ground for the purpose of constructing bungalows on lots 6 and 7. The court further found that the cost of constructing the two remaining bungalows would be the sum of $2,600 each, which was in excess of the contract price; that it is not true that plaintiff has been ready, able, and willing to build said houses on said lots nor has the defendant refused to allow plaintiff to erect said houses. The findings and judgment in action 103,798 were filed November 18, 1922, and no appeal was ever taken from said judgment. On February 15, 1923, the defendant served on plaintiff and on the next day filed an answer in the present action in which he reiterated his former answer to the complaint, and in addition thereto he pleaded the judgment in action number 103,798 as a bar to the plaintiff's cause of action in the present action. Upon the trial of the present action the trial court held that the judgment in action 103,798 was a bar to plaintiff's cause of action in the present action and solely on that ground rendered judgment in favor of the defendant.

In holding that the judgment in action 103,798 was *res adjudicata* in action 107,330, and therefore a bar to plaintiff's cause of action therein, we think the trial court was in error. We will hereafter refer to action number 103,798 as the first or prior action, and to action number 107,330 as the second or subsequent action. In the first action the plaintiff sought to recover the profits which he claimed that he would have made had he not been prevented

by defendant from constructing the two bungalows provided for in the contract. In the second action plaintiff sought to foreclose a lien for the reasonable value of the labor and materials entering into the construction of the other buildings mentioned in the contract, one of which was only partially constructed. The court found in the first action that the defendant had not breached his contract, nor prevented plaintiff from constructing the two bungalows described therein, and therefore plaintiff was not entitled to any profits that he might have made had he erected said buildings. The court found that defendant had made certain payments on account of said contract. These matters having been adjudicated in the first action, the judgment therein was conclusive as to them upon the parties to the second action. The court in the first action did not purport to find that defendant had paid plaintiff in full for the work done and materials furnished toward the construction of the two bungalows on lots 5 and 6. Therefore, the judgment in the first action was not a bar to the recovery by plaintiff of such amounts as might be due him for said work and materials, and to the enforcement of his lien for said amounts against the property of defendant. ■ A judgment in an action is a bar in a subsequent suit between the same parties only to the extent of the matters litigated in the previous action and determined by the judgment therein or which were properly the subject of litigation therein. ''In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, either on the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. . . . By section 1908, subdivision 2, of the Code of Civil Procedure, the effect of a judgment is conclusive 'in respect to the matter directly adjudged,' and, by section 1911, 'that only is deemed to have been adjudged in a former action which appears upon its face to have been so adjudged, or which was actually and necessarily included therein or necessary thereto.' '' (*Beronio* v. *Ventura County Lumber Co.,* 129 Cal. 232, 236 [79 Am. St. Rep. 118, 61 Pac. 958, 959].)

■ The court in the first action found that the plaintiff was not entitled to recover anything from defendant by reason of the breach of said contract on account of the two

buildings which were not constructed by him, and its judgment therein in so far as it is to be held an adjudication of the right of the parties thereto must be limited to those rights growing out of the contract to erect the two buildings which the court in the first action was considering. The contract between the parties is a severable contract. That is, it is susceptible of division into two or more parts. In fact, it in reality comprises four distinct contracts, each independent of the others, to construct for a definite amount four separate buildings (*Sterling* v. *Gregory,* 149 Cal. 117, 120 [85 Pac. 305]; *Pacific Wharf etc. Co.* v. *Standard American Dredging Co.,* 184 Cal. 21 [192 Pac. 847]). While plaintiff may not recover for the two houses he did not construct, that fact, and its determination by the court in the first action, cannot be held to be any obstacle or bar to his right to recover for the two houses he did construct.

It is true the court in the first action found that plaintiff "abandoned the said work and failed to comply with the terms of said contract." This finding, however, was not within the issues as made by the pleadings in said action. Therefore, the plaintiff was not concluded by the judgment in said action as to matters embraced within this finding and said judgment was not *res adjudicata* as to said matters (*Beronio* v. *Ventura County Lumber Co., supra.*)

The judgment is reversed.

Preston, J., Langdon, J., Richards, J., Shenk, J., and Waste, C. J., concurred.