[Civ. No. 3324.   Third Appellate District.—January 22, 1929.]

SAMUEL KLEIN et al., Respondents, v. JOHN LOEFFLER, Appellant.

C. M. Gill and A. H. Carpenter for Appellant.

J. O. Stemmler for Respondents.

FINCH, P. J.—The original complaint herein sets forth a cause of action for forcible detainer by defendant of real property described in the complaint.  The answer denies the allegations of the complaint and alleges ownership and "the quiet, peaceable, open and notorious possession of said premises" by the defendant.  In an amended complaint, made after trial, "so as to conform to the proof," it is alleged that at all times after October 11, 1926, the plaintiffs were the owners of the property and entitled to the possession thereof; that the "defendant, who, after having entered peaceably upon said real property as a gratuitous occupant thereof, holds possession of the premises hereinbefore described, and refuses to vacate said premises"; that the usual

thirty-day notice to terminate the defendant's tenancy and the three-day notice to vacate the premises were duly served and that the defendant refused to surrender possession thereof. The court found that at the time of the commencement of the action the plaintiffs were entitled to the possession of the property; that at all times after October 11, 1926, they were the owners thereof; that during that time the defendant "entered peaceably upon said real property as a gratuitous occupant thereof"; and that the alleged notices were duly served, but that defendant refused to vacate the premises and "is now holding possession of said premises wrongfully and unlawfully." Judgment was entered in favor of the plaintiffs for the restitution of the premises and the rental value thereof for one month. The defendant has appealed from the judgment.

There is no conflict in the evidence. It appears therefrom that on October 8, 1920, the defendant was the owner of the property described in the complaint; that on that day he conveyed the property to George F. Schuler, who thereupon executed a promissory note for eight thousand dollars, borrowed by the defendant from the Sacramento-San Joaquin Bank, and a deed of trust conveying the property to Frank A. Guernsey and Will E. Morris, as trustees, to secure payment of the note. On the same day and as a part of the same transaction, a separate written agreement between Schuler and the defendant was executed, by the terms of which the property was to be reconveyed to the defendant upon his payment of the note and interest within two years from the date thereof and, upon defendant's default, Schuler was authorized to sell the property "in accordance with law and the provisions of the deed of trust, . . . or, . . . at his option, personally to sell the said property in accordance with the provisions of section 2924 of the Civil Code and section 692 of the Code of Civil Procedure, and out of the proceeds of said sale . . . retain the amount due to him under this contract." The defendant failed to make payment and on January 20, 1926, pursuant to the terms of the agreement, Schuler sold the property to Cora I. Weber, who thereafter conveyed it to Schuler and he to the plaintiffs.

The respondents have not filed a brief and no appearance was made for them at the time set for the oral argu-

ment. The amended complaint and the findings eliminate any question of forcible detainer, and the only question remaining is whether, under the circumstances shown, the summary action of unlawful detainer is maintainable. The conventional relation of landlord and tenant did not exist, but both parties claimed the ownership of the property. "The action of unlawful detainer is a statutory proceeding and is governed solely by the provision of the statute creating it. It was designed for the purpose of providing a speedy and summary remedy to determine the right to the possession of real property in the cases specified in the statute. It cannot be used for any other purpose than those enumerated therein." (*Bekins* v. *Trull*, 69 Cal. App. 40, 45 [230 Pac. 24].) "In order that such an action may be maintained the conventional relation of landlord and tenant must be shown to exist. In other words, the action is limited to those cases in which the tenant is estopped to deny the landlord's title. And when a defendant in an action which under our code is the equivalent of one in unlawful detainer proves the non-existence of such relation, the plaintiff must fail." (*Francis* v. *West Virginia Oil Co.*, 174 Cal. 168, 170 [162 Pac. 394].) If the plaintiffs are the owners of the property and entitled to the possession thereof, they must establish those facts in an appropriate action in which the respective claims and rights of both parties may be put in issue and litigated.

The judgment is reversed and the trial court is directed to dismiss the action.

Plummer, J., concurred.