[Civ. No. 7809. First Appellate District, Division One.—November 23, 1931.]

HENRY E. MOLEN, Respondent, v. STELLA BUSSI et al., Appellants.

Albert Picard for Appellants.

Waldo F. Postel for Respondent.

TYLER, P. J.—Action upon a promissory note.

Judgment went in favor of plaintiff and defendants appeal. At the trial defendants pleaded in effect that the consideration for the note had failed; they also urged the defense of *res judicata*. It is here claimed that the latter defense should have been sustained and judgment should have been rendered in favor of defendants.

The plea invoked is a bold attempt to defeat the payment of an honest obligation. The facts show that Henry E. Molen, plaintiff in the present action, and H. B. Kennedy were at one time partners in a garbage business. Kennedy sold out his interest to Molen and the latter then became the sole owner thereof. Subsequently Molen sold the same to Battista and Stella Bussi. The Bussis paid Molen $200 cash and executed a promissory note for the sum of $1300, the balance of the purchase price. This is the promissory note which forms the basis of this action. Upon the sale the purchasers went into immediate possession of the business and ever since have continued to operate the same. Kennedy, who formerly owned the property with Molen, subsequently asserted a claim against the Bussis and brought an action based thereon. This action was entitled *Kennedy* v. *Bussi*. Molen was made a defendant in this action. As it proceeded, Molen filed a cross-complaint against his codefendants, the Bussis, upon the promissory note given by them as part payment for the business. The answer to the cross-complaint, filed on behalf of the Bussis, admitted the sale of the business and the execution and delivery of the note, but set up as a defense the fact that Kennedy was asserting a claim to the business to which Molen had

warranted title. Upon the trial of that action the Bussis objected to a consideration of the cross-complaint filed by Molen upon the ground that the matters therein set forth did not constitute a proper subject for a cross-complaint and could not be determined in that case. The trial court sustained this contention and refused to receive any evidence on the cross-complaint based upon the promissory note. An action had also been filed by the Bussis against Kennedy to quiet their title to the business and to enjoin Kennedy from interfering therewith.

These two cases were tried together. The result of this litigation was that the title of the Bussis was in effect quieted and confirmed as against Kennedy and he was enjoined from interfering with the business or in any manner asserting a claim thereto. Among the findings in that action was one to the effect that none of the allegations set out in the cross-complaint filed by Molen were true. The Bussis, in the present action brought against them upon their promissory note given in payment for the business they acquired and now possess, but have not paid for, claim that this finding amounts to a judgment on plaintiff's claim, it being, so it is claimed, *res judicata*. There is no merit in the claim. It is of course generally true that matters which have, or could have, been judicially determined in an action cannot be again drawn in controversy between the same parties. Here, however, the subject of the cross-complaint was not germane to the issues in the Kennedy case and could not have been rightfully adjudicated in that action, as the matter set forth therein was foreign to the issues involved and had no place in that litigation. It was an entirely different and separate transaction.

It was never the intention of the reformed procedure to allow persons having independent claims against each other to settle them all in one action. (*Clark* v. *Kelley,* 163 Cal. 207 [124 Pac. 846].) From the record before us it appears that no evidence was received upon the cross-complaint of Molen or considered by the trial court. Where a matter is pleaded as a set-off or counterclaim, if it is for any reason not allowable as such in the action and is excluded and not taken into consideration in rendering judgment, an action may afterward be maintained thereon.

Where a former adjudication is pleaded it must appear that the adjudication was on the merits.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 23, 1931.