[Civ. No. 7123. Second Appellate District, Division One.—February 2, 1932.]

SOUTHERN TITLE AND TRUST COMPANY (a Corporation), Respondent, v. MARJORIE H. FREER et al., Appellants.

Marcus C. Clark for Appellants.

E. E. Hubbell and Herbert C. Kelly for Respondent.

TAPPAAN, J., *pro tem.*—The only facts relevant to the question presented on this appeal are as follows: Plaintiff instituted this action to collect the deficiency remaining unpaid upon two notes executed by defendants, after crediting thereon a sum realized by it from the sale of real property under the terms of a trust deed. From a judgment in favor of plaintiff, defendants appeal.

Appellants' sole contention on this appeal is that there was an insufficiency of evidence to support the finding of the court that the sale of the real property, described in the trust deed, was regular, and complied with the law and the terms of the trust deed. The deed of trust executed by defendants contained the following:

"The recitals in such deed or deeds of any matters or facts affecting the regularity or validity of said sale shall be conclusive proof of the truthfulness thereof and such deed or deeds shall be conclusive against all persons as to all matters or facts therein recited. Trustee, Beneficiary, any person on behalf of either, or any other person, may purchase at such sale."

The above-quoted language applies to the deed issued by the trustee upon a sale of the property. It constitutes a part of the authority granted the trustee, as agent of defendants. This deed was in evidence as well as the deed issued by the trustee to the purchaser upon the sale. This latter deed, issued to the purchaser upon the sale of the property, contained a recital of the performance of all

matters necessary to constitute a valid and binding sale. This is conceded by appellants.

The case of *Continental Building & Loan Assn.* v. *Light,* 6 Cal. App. 684 [92 Pac. 1034, 1035], involved facts similar to those present here. In that case the court said: "Upon the trial, the court admitted in evidence the deed of the trustee to the purchaser as evidence of the prerequisites to a valid sale. We find no error in this. The deed of trust made by appellants expressly stipulated as to the force and effect of the recitals in the trust deed in the event of a sale, and gave the trustee authority to bind them by the execution of a deed and by its recitals. (*Mersfelder* v. *Spring,* 139 Cal. 593 [73 Pac. 452].)"

Appellants take the position that, where, as in the case at bar, the purchaser at the sale had notice of the facts, and for that reason could not be classed as an innocent purchaser, the recitals in the deed alone will not establish a *prima facie* case, but other evidence must be introduced. In support of this position, appellants cite the case of *Seccombe* v. *Roe,* 22 Cal. App. 139 [133 Pac. 507, 508]. This case holds that, under circumstances like those presented here, such recitals would not be *conclusive,* "but will not preclude inquiry in an equitable proceeding into the fairness of the sale, or into other matters which on equitable principles might entitle the party injured to relief".

The case of *Harker* v. *Rickershauser,* 94 Cal. App. 755 [271 Pac. 912], also cited by appellants, makes a like statement. No authority has been cited that such recitals are not evidence. The Code of Civil Procedure, section 1833, provides: "*Prima facie* evidence is that which suffices for the proof of a particular fact, until contradicted and overcome by other evidence."

Nowhere in the record does it appear that appellants were precluded from introducing evidence to contradict or overcome the recitals in the deed, nor that they successfully contradicted or overcame them. The evidence is sufficient to support the finding of the court attacked upon this appeal.

For the reason herein stated, the judgment appealed from is affirmed, and the appeal from the order denying a new trial is dismissed.

Houser, Acting P. J., and York, J., concurred.