[No. 11696. In Bank.— December 2, 1889.]

C. N. FELTON, RESPONDENT. v. T. W. MILLARD, AP-
PELLANT.

NONSUIT. — A nonsuit is properly denied when there is any evidence tending
to sustain the plaintiff's case.

LANDLORD AND TENANT — NOTICE TO QUIT — SIGNATURE BY ATTORNEY. —
A notice to a tenant to quit which purports to come from the landlord,
and is signed in his name by an attorney who had authority to sign it, is
valid. No written authorization of the attorney is necessary; and if the
tenant questions the attorney's authority, he does so at his own risk, if
the authority is proven in an action for unlawful detainer.

UNLAWFUL DETAINER — EVIDENCE OF TITLE — DEED INTENDED AS MORT-
GAGE. — Title is not in issue in the statutory action of unlawful detainer,
and evidence of title in the defendant is not admissible for any purpose.
He cannot show that he is the owner of the land, and that plaintiff is a
mortgagee under a deed from the defendant, absolute on its face, but
intended as a mortgage, though such evidence of title is merely offered
for the purpose of showing that there was no lease.

APPEAL from a judgment of the Superior Court of
Alameda County, and from an order denying a new
trial.

The facts are stated in the opinion of the court ren-
dered in Department Two.

*Mich. Mullany*, and *William Grant*, for Appellant.

*H. G. Platt*, for Respondent.

The COURT. — Upon due consideration, after argu-
ment on rehearing, we adhere to our former opinion;
and for reasons therein given, the judgment and order
are affirmed.

The following is the opinion above referred to, ren-
dered in Department Two on the 22d of April, 1889: —

McFARLAND, J.— This is an action of unlawful de-
tainer. The verdict and judgment were for plaintiff.
Defendant appeals from the judgment, and from an or-
der denying a new trial.

1. Counsel for appellant argues very strenuously and

ingeniously that the evidence was not sufficient to establish the existence of a lease between plaintiff and defendant. But there certainly was evidence going directly to that point, and the question was fairly put to the jury. The nonsuit was properly denied.

2. Appellant objects to the validity of the notice to quit because it was not signed by respondent personally, the signature being " C. W. Felton, by H. G. Platt, Att'y." But the notice purported to come from respondent. It was proven at the trial that Platt had authority to sign it; no written authorization was necessary (Civ. Code, sec. 2309); and appellant questioned the authority (if he did question it) at his own risk.

3. The most important point in the case arises upon the refusal of the court to allow the introduction of certain evidence offered by defendant. It is averred in the complaint that from February 1, 1883, to November 10, 1885, defendant held the premises in controversy from year to year under a verbal lease from plaintiff; and that on said November 10, 1885, the said lease was terminated by mutual agreement of the parties. The answer denied that there had ever been any lease. This denial raised the main question of fact before the jury and it was determined by them against the defendant. Defendant, when on the stand as a witness for himself, after denying the existence of any lease, testified that he had been in possession of the land since 1854. He then offered to prove certain affirmative matters set up in his answer, the gist or substance of which was, that he was the *owner* of the land, and had been for over twenty-nine years, and that plaintiff was merely a mortgagee under a deed from defendant, absolute on its face, but intended as a mortgage. Objection to this evidence was sustained, and defendant excepted.

Waiving the question whether defendant offered to prove the facts which he sought to get before the court by appropriate evidence (*Bostwick* v. *Mahoney,* 73 Cal.

239), still it is evident that what he wanted to prove was *title*, and title is not an issue in the statutory action of unlawful detainer. (*Mason* v. *Wolff*, 40 Cal. 250; *Reay* v. *Cotter*, 29 Cal. 170; *Fish* v. *Benson*, 71 Cal. 437.) Counsel for appellant contends very ingeniously (in substance) that he did not want to prove title *for the purpose of proving title*, but for the purpose of proving a fact which might have some weight in determining the question, Was there a lease? But the rule cannot be overcome in this indirect way. The position could be as well taken in any case of forcible entry and unlawful detainer under the pretense that the fact of title might influence the determination of some other disputed fact, and thus the whole question of title be litigated in such an action. If a thing cannot be done, it matters not why one wishes to do it. We think that the court was right in excluding the evidence. Had it been admitted, plaintiff would no doubt have offered evidence tending to disprove defendant's alleged title.

There are no other questions necessary to be noticed. Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.