[No. 19447.  Department One.—March 6, 1895.]

# W. R. RANDOLPH, RESPONDENT, v. SAMUEL KRAEMER ET AL., APPELLANTS.

ACTION FOR REFUSAL TO SATISFY MORTGAGE—DAMAGES—STATUTORY PEN-
ALTY—ISSUE AS TO TITLE—WAIVER OF DAMAGES—NONSUIT—JURISDIC-
TION.—In an action brought to recover damages for the refusal of a
mortgagor to execute a satisfaction of the mortgage, and also to recover
the statutory penalty of one hundred dollars allowed for such refusal,
where the answer put in issue plaintiff's title to the mortgaged land,
and the plaintiff waived all claim for damages except for the statutory
penalty, a motion for nonsuit on the ground that the court had no juris-
diction to enforce the statutory penalty in a sum less than three hun-
dred dollars, is properly overruled, and a judgment for the statutory
penalty will be affirmed, the superior court having original jurisdiction
to enforce the penalty in an action in which plaintiff's title to the land
is denied.

APPEAL from a judgment of the Superior Court of Los
Angeles County.

The facts are stated in the opinion.

*Victor Montgomery,* and *Kendrick & Kendrick,* for
Appellants.

Plaintiff, by relinquishing his claim for damages,
reduced his demand to less than three hundred dollars
of which the court had no jurisdiction. (Const., art. VI,
sec. 5; Code Civ. Proc., sec. 76, subd. 3; *Raimond* v.
*Eldridge,* 43 Cal. 506; *Emmerson* v. *Weeks,* 58 Cal. 382;
*Stewart* v. *Hamilton,* 28 How. Pr. 265; 16 Am. & Eng.
Ency. of Law, 738–40.) There was an abandonment of
the case as to the claim for damages. (*Ringgold* v.
*Haven,* 1 Cal. 108; Code Civ. Proc., sec. 581, subd. 4;
*White* v. *Patton,* 87 Cal. 152.)

*W. P. Hyatt,* for Respondent.

The action involved the title to real estate, which con-
ferred jurisdiction regardless of amount. (Code Civ.
Proc., sec. 76, subd. 2; Civ. Code, sec. 2941.) Want of
jurisdiction is not a ground of nonsuit. (Code Civ.

Proc., sec. 581.) Jurisdiction depends upon the condition of things when the action was brought, and not upon subsequent events nor upon the amount recovered. (12 Am. & Eng. Ency. of Law, 305 *d;* *Morgan* v. *Morgan,* 2 Wheat. 290; *Mollan* v. *Torrance,* 9 Wheat. 537; *Dunn* v. *Clarke,* 8 Pet. 1; *Connolly* v. *Taylor,* 2 Pet. 556; *United States* v. *Dawson,* 15 How. 467.)

VANCLIEF, C.—This action was brought under section 2941 of the Civil Code, of which the following is a copy:

"SEC. 2941. When any mortgage has been satisfied the mortgagee or his assignee must immediately, on the demand of the mortgagor, execute, acknowledge, and deliver to him a certificate of the discharge thereof, so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee, or assignee of such mortgagee, who refuses to execute, acknowledge, and deliver to the mortgagor the certificate of discharge, or to enter satisfaction, or cause satisfaction of the mortgage to be entered, as provided in this chapter, is liable to the mortgagor, or his grantee or heirs, for all damages which he or they may sustain by reason of such refusal, and shall also forfeit to him or them the sum of one hundred dollars."

It is alleged in the complaint that one W. H. Shinn mortgaged to defendants a tract of land of eighty acres; and that afterwards plaintiff, by purchase, became and still is the owner of the land; that Shinn paid the mortgage debt and demanded of defendants a certificate of discharge of the mortgage, or that they cause satisfaction of the mortgage to be entered of record, with which demand the defendants refused and still refuse to comply, to the damage of the plaintiff in the sum of two thousand five hundred dollars for which, and also for the statutory penalty of one hundred dollars, the plaintiff demands judgment.

By their verified answer the defendants denied, among

other things, that plaintiff became or still is the owner of the land.

The plaintiff had judgment for only the statutory penalty of one hundred dollars, without costs.

Defendants appeal from the judgment on the judgment-roll containing a bill of exceptions.

The bill of exceptions shows that when the cause was called for trial by the court, and before any evidence was offered, "the plaintiff, by his counsel, renounced, relinquished, and waived all claim and demand in or upon his complaint, except the sum of one hundred dollars statutory penalty for the failure to satisfy the mortgage as alleged in the complaint."

Thereupon the defendants moved for judgment of nonsuit, " on the ground that the court had no jurisdiction of the action, the sum demanded being less than three hundred dollars."

The court denied the motion and defendants excepted. Appellants contend that the court erred in denying a nonsuit and in proceeding to judgment, for the reason that it had no jurisdiction of the subject matter of the action after plaintiff abandoned and withdrew his cause of action for actual damages.

A sufficient answer to this point is that the verified answer of the defendants put in issue plaintiff's title to the mortgaged land, and that this issue was material. The plaintiff could not have recovered the penalty of one hundred dollars under section 2941 of the Civil Code without proving that he had become the owner of the mortgaged land, his allegation of such ownership being denied. The superior court, therefore, had original jurisdiction of the cause of action for the penalty, though the amount of such penalty was less than three hundred dollars. (*Hart* v. *Carnall-Hopkins Co.,* 103 Cal. 132; *City of Santa Barbara* v. *Eldred,* 95 Cal. 379.) In these cited cases all possible objections to the jurisdiction of the lower court are answered, although it may be that, if the pleadings had not raised the issue of title to real property, a justice's court would have had juris-

diction of the action. (*Thomas* v. *Justice's Court*, 80 Cal. 40.) Had the same pleadings been filed in a justice's court the cause must have been removed to the superior court for trial. And, as shown by the cases above cited, it was not necessary that the question of title to real estate should originate in a justice's court in order to give the superior court jurisdiction.

Appellants further contend that there is no finding on the issue as to the demand that satisfaction of the mortgage be given or entered.

The finding upon this issue is: "That said W. H. Shinn, mortgagor, demanded of defendants, and of each of them, that they satisfy said mortgage of record, and that they failed so to do, and that the said mortgage has never been satisfied of record by said defendants." This seems to be sufficient.

I think the judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.

Hearing in Bank denied.