[Civ. No. 2098.   First Appellate District.—September 19, 1917.]

MERCHANTS NATIONAL BANK OF SAN FRANCISCO
(a Corporation), Respondent, v. MRS. M. L. WESTON,
Appellant.

BANKING LAW — LEASE BY NATIONAL BANK — AUTHORITY — RIGHT TO
QUESTION.—In an action in unlawful detainer brought by a national
bank to recover the possession of demised premises, the lessee cannot
raise the point that the bank was without authority to execute the
lease, as the United States alone can be heard on the question.

ID.—LANDLORD AND TENANT—UNCERTAINTY OF DESCRIPTION—ESTOPPEL.
A lessee is estopped from repudiating the lease for any uncertainty
in the description of the premises, where she went into actual
possession and continued in possession until the commencement of
an action in unlawful detainer.

ID.—NOTICE TO QUIT—SUFFICIENCY OF.—A notice to quit signed by the
duly authorized agent of a national bank, after consulting with the
president and the attorney for the bank who gave him a form of
notice and instructed him to sign it, is sufficient.

ID.—EVIDENCE—PROOF OF CORPORATE EXISTENCE OF NATIONAL BANK.—
In an action by a national bank sufficient proof of its corporate ex-
istence is made by the introduction in evidence of a certificate of
the controller of the currency authorizing it to do business as such
a bank and a certificate to change its name.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Bernard J. Flood, Judge.

The facts are stated in the opinion of the court.

Wm. Hoff Cook, for Appellant.

W. F. Williamson, and A. D. Donovan, for Respondent.

THE COURT.—This is an appeal by defendant in an
action of unlawful detainer wherein judgment was rendered
in favor of plaintiff for the restitution of the possession of a
certain apartment house and the cancellation of the lease
thereof, and for the sum of two thousand four hundred dol-
lars as rent.

Several grounds are relied upon for a reversal of the judg-
ment.

It is first argued that the act of plaintiff in executing the lease under which defendant went into possession of the premises was *ultra vires;* that plaintiff being a national bank, it had no authority to execute the character of lease in question.    We see no force in this argument.    Assuming that the bank was not authorized to make the lease, it does not lie with the plaintiff to raise the point, as the United States alone can be heard on this question.    (*Camp* v. *Land,* 122 Cal. 167, [54 Pac. 839].)

The second objection, that the lease failed to definitely locate the premises, finds no support in the record.    The lease generally described the property as being located on a certain street, and then followed with a specific description of the premises by metes and bounds.    Aside from the fact that this description was ample and sufficient in every particular, defendant went into actual possession of the premises under the lease and continued in such possession until this action was commenced, she is therefore estopped from repudiating the lease for any uncertainty in the description of the premises so occupied by her.    (*Pierce* v. *Minturn,* 1 Cal. 470.)

Equally untenable is the claim that the notice to quit was not signed by a duly authorized agent of plaintiff.    It appears in evidence that the party signing the notice was the duly authorized agent of the bank, and that before signing the notice he consulted with its president and also its attorney, who gave him a form of notice to quit and instructed him to sign it.    In actions of this character a notice to a tenant to quit which purports to come from the landlord and is signed by authority of the latter's attorney is valid though signed without written authority.    (*Felton* v. *Millard,* 81 Cal. 540, [21 Pac. 533, 22 Pac. 750].)

And finally it is claimed that proper and sufficient proof was not made that the plaintiff was a corporation.    In proof of its corporate existence plaintiff introduced in evidence the certificate of the controller of the currency authorizing the Western Metropolis Bank to do business as a national bank, together with the certificate authorizing its change of name to "Merchants' National Bank."    This was sufficient proof of its corporate capacity.

For the reasons given the judgment is affirmed.