[Civ. No. 9786. First Appellate District, Division Two.—November 1, 1935.]

MORTGAGE GUARANTEE COMPANY (a Corporation), Respondent, v. J. L. SMITH et al., Appellants.

J. L. Smith and J. L. Schiller for Appellants.

Oliver Dibble for Respondent.

NOURSE, P. J.—Plaintiff sued in unlawful detainer and had judgment for restitution of the premises and for accrued rents. The defendants admit everything essential to plaintiff's recovery except the validity of its title. They have appealed on the judgment roll alone and hence we have a record consisting of the pleadings, the findings, and the judgment.

Preliminarily the appellants argue that the action is not in unlawful detainer but is one to try title. The question is not a new one. In *Nineteenth Realty Co.* v. *Diggs,* 134 Cal. App. 278, 288 [25 Pac. (2d) 522], and *Hewitt* v. *Justice's Court,* 131 Cal. App. 439, 443 [21 Pac. (2d) 641], we held that in actions brought under section 1161a of the Code of Civil Procedure the question of title must be tried when controverted as a necessary element of the remedy of unlawful detainer. Here the respondent is suing under the authority of the third subdivision of the section—"Where the property has been duly sold . . . under a power. of sale contained in a deed of trust . . . "; appellants answered attacking the validity of the sale; hence the case comes squarely within the rule cited.

Appellants first attack the sale because it was consummated in Los Angeles County, whereas the property was

located in San Mateo County. The respondent replies that a sale outside the county of San Mateo was permitted by the deed of trust. This instrument is not in the record but it must have been in evidence before the trial court. Since the duty is on appellants to show error we must assume that the evidence supported the trial court's findings covering the validity of the sale. This must be so unless the statutes limit the rights of the parties to agree as to the place of sale. Section 694 of the Code of Civil Procedure, as amended in 1931, provides that all sales under a deed of trust "hereafter executed" must be held in the county where the property is situated. But the deed of trust involved here was executed before the amendment and is therefore not controlled by it. No authorities are cited holding that, before the amendment, sales should be made only in the county where the property is situated and we have not found any. To the contrary, authorities are abundant holding that the sale may be held at any suitable place within the discretion of the trustee in the absence of a statute to the contrary. (41 C. J., p. 967; 3 Jones on Mortgages, 8th ed., sec. 2386.) It should be noted that the findings disclosed that all the requirements as to notice and as to all other steps leading to the sale were complied with. No fraud or other injury to appellants appears from the record and we must assume that the sale was fair and without injury to any interested party.

The appellants next argue that respondent's title is invalid because no conveyance in writing was made to the successful bidder at the sale. The record does not support the statement of the fact. The highest bidder was the Metropolitan Life Insurance Company. The property was *sold* to this company on December 30, 1932. On the following day it sold and assigned all its interest to the respondent. Some time thereafter the trustee executed its deed to the respondent upon the request of the assignor. It is immaterial whether respondent claims under the instrument of December 31st or under the subsequent trustee's deed; it has acquired all the title which the trustee had to convey. The trial court found that on the day stated the property was *sold* to the highest bidder. If the sale was not accompanied by an instrument in writing the appellants should have given us a record showing that. If we are to understand appellants' argument to be that the successful bidder may not assign his

interest in the property and direct the trustee to convey to the assignee the authorities are all to the contrary. (41 C. J., p. 993; 3 Jones on Mortgages, 8th ed., sec. 2438.)

█ Appellants argue that the trial court committed error in failing to find upon certain issues raised as special defenses pleaded in their answer. In each instance the burden of proof was on the appellants and error cannot be presumed from the mere statement of it in the absence of a record showing that some evidence was offered. Since the findings made support the judgment we must assume upon this record that if findings had been made upon these issues they would have been adverse to the appellants. (24 Cal. Jur., pp. 944 et seq.)

█ To the suggestion in appellants' brief that the sale was unfair and a fraud upon them it is sufficient answer that they have not shown either.

Appellants interposed a demurrer to the complaint, both general and special. The general grounds have heretofore been considered; the special grounds need not be stated. █ When a defendant does not stand on his demurrer, but elects to answer and go to trial on the merits, the overruling of his demurrer will not support a reversal of the judgment unless the defendant shows he was prejudiced by the order. (2 Cal. Jur., pp. 1012 et seq.; *Nittler* v. *Continental Cas. Co.*, 94 Cal. App. 498, 506 [271 Pac. 555, 272 Pac. 309]; *Harris* v. *Seidell*, 1 Cal. App. (2d) 410, 414 [36 Pac. (2d) 1104].)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.