[Civ. Nos. 9167, 9168.   Third Dist.   Dec. 13, 1956.]

PACIFIC GAS AND ELECTRIC COMPANY (a Corporation) et al., Appellants, v. SHASTA DAM AREA PUBLIC UTILITY DISTRICT et al., Respondents.

(Two Cases.)

William S. Love, Robert L. Pierce, Richard H. Peterson, Frederick W. Mielke, Jr., and Herbert A. Waterman for Appellants.

Daniel S. Carlton for Respondents.

SCHOTTKY, J.—Respondents in each of the above entitled actions filed a motion to dismiss the appeal in each case upon the ground that the appeal in each case is sham, frivolous and without merit, and taken for the purpose of delay. Upon the hearing of the motions it was stipulated by the parties that the motions and the merits of the appeal be submitted together and that additional points and authorities be filed by respective counsel.

The action involved in case Number 9168 is one to enjoin defendants from purchasing electric energy from the Bureau of Reclamation.

The action involved in case Number 9167 is one to enjoin the sale of bonds, the proceeds of which are to be used for the distribution of electric power to be received under a contract with the Bureau of Reclamation.

The gravamen of appellants' cause of action in each case is that respondent district is without power or authority to purchase electric energy from the Bureau of Reclamation and that therefore the purpose for which the bonds are to be sold is illegal.

Respondents in each case pleaded a prior action between the same parties in which the issuance of the bonds was authorized, and in which action the judgment was affirmed by this court. (135 Cal.App.2d 463 [287 P.2d 841].) In the prior action appellants sought unsuccessfully to enjoin the issuance of the bonds here involved.

The trial court found in the action involved on the appeal in 3 Civil Number 9167:

". . . that thereupon the plaintiff Pacific Gas and Electric Company, for and on behalf of itself and all other taxpayers in said District, commenced an action in the above entitled Superior Court numbered 19529 therein, and wherein it alleged that said District had no power to contract with the United States Government or any branch or agency thereof for the purchase of a supply of electrical energy with which to energize its proposed electrical distribution system; that said plaintiff alleged that by reason of the lack of legal authority of said defendants to purchase electrical power from the United States Government that said District had no power to issue the said bonds above mentioned and that if they were issued they would be null and void and not a lien or charge upon the taxable property situate within said District.

"That thereafter the defendant District answered the complaint in said action and the cause was tried and determined; that during the trial thereof the said plaintiff voluntarily abandoned its contention that the said District was without authority to purchase electrical energy from the United States Government.

"That in said action the said court, by its judgment, decreed that the said plaintiff take nothing by its action and that the electrical bonds hereinabove referred to will be, when sold, valid and legal obligations of said district, and that the defendants herein had the right, power, and jurisdiction to issue and sell said electrical bonds.

"That thereafter the said plaintiff appealed from said judgment, and said judgment was affirmed on appeal and the same is now final."

The court made substantially the same finding in the action involved on the appeal in 3 Civil Number 9168.

The court then concluded that appellants were estopped by the judgment in the prior action and that the judgment in the prior action was res adjudicata. The court found further that the respondent district did have authority to purchase electric energy from the Bureau of Reclamation. Appellants

have appealed from the judgment in each action denying an injunction and decreeing that respondent district had the legal right and authority to enter into the proposed contract.

We have concluded that the court correctly determined that appellants were estopped by the judgment in the prior action and that the judgment in said prior action was res adjudicata.

The record shows that in the prior action numbered 19529, filed in the superior court, appellant Pacific Gas and Electric Company, for and on behalf of itself and other taxpayers, alleged in its complaint that respondent district had no power to contract with the United States government or any agency thereof for the purchase of electric energy and that by reason of said lack of legal authority to so contract said district had no power to issue the bonds, and if they were issued they would be illegal. There were, of course, other allegations that the issuance of $150,000 in bonds would exceed the authorized debt limit and that the district failed to obtain an estimate of the cost of acquiring the existing distribution system of appellant company.

It is the contention of appellants that in the prior action the trial court would not consider the question of whether respondent district should be enjoined from contracting with the United States for electric power and that the court, over the objection of respondent, allowed appellant Pacific Gas and Electric Company to withdraw that issue from the case. Appellants argue in effect that having withdrawn the issue in the prior action, the judgment establishing the validity of the bonds did not foreclose the raising of the issue of respondent district's right to contract with the United States government for the purchase of electric energy in a subsequent action.

Respondents in reply contend that the voluntary withdrawal of the said issue by appellant over the objection of respondent constituted a voluntary abandonment of the issue, and that the judgment in the action barred appellants from raising any issue as to the validity of the bonds which was available to appellants at the time the prior action was commenced.

It is clear that in the complaint in the prior action appellants did make the same allegations as to the lack of power of respondent district to contract with the United States government and asserted that by reason of such lack of legal authority the district had no power to issue the bonds and that if issued they would be null and void. Appellants state that the court would not consider these issues and that they withdrew them. As hereinbefore pointed out, the court in

the action involved in this appeal found that appellant voluntarily abandoned the contention that respondent district was without power to purchase electric energy from the United States government. While it may be that appellant believed that the court was precluding it from having said issue heard in the prior action, it is also true that appellant had commenced an action attacking the validity of the bonds and seeking to enjoin their issuance, and it had alleged these issues, among others. If the grounds alleged in the complaints in the instant actions are good grounds in these actions they were likewise good grounds which appellants had the right to have considered in the prior action. When, therefore, appellants were, as they contend, confronted with a situation in which they believed the trial court would not consider said issues, it was their duty to insist that said issues remain in the case unless they were willing to withdraw them from the case. They were not entitled to reserve them for future litigation and thus subject respondent district to endless delay in proceeding with its project. It is to be noted that respondent district did not consent to the withdrawal of said issues from the case and it is to be noted, also, that in its appeal from the judgment in the prior action appellant did not urge in this court, as a ground of appeal, that the court improperly refused to consider the grounds that it urges in the instant actions.

When appellant Pacific Gas and Electric Company commenced an action attacking the validity of the bonds voted by respondent district it was their duty to allege all the grounds upon which they relied and to litigate them in the action. The law would indeed be lame if appellant, after making the allegations that it made in the prior actions, by withdrawing some of the issues raised by said allegations voluntarily, and even with the permission of the court, but over the objection of respondent, could thereafter in a new action litigate said issues.

As stated in *Krier* v. *Krier*, 28 Cal.2d 841, at page 843 [172 P.2d 681]:

". . . It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. . . . And even though the causes of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties *as to*

*that issue and every matter which might have been urged to sustain or defeat its determination."* (Emphasis added.)

And as stated in *Todhunter* v. *Smith,* 219 Cal. 690, at page 695 [28 P.2d 916]:

". . . The doctrine of *res judicata* has a double aspect. A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action."

In *Price* v. *Sixth District Agricultural Assn.,* 201 Cal. 502, the court said at page 511 [258 P. 387]:

"Appellants, however, apparently have a misconception of this rule. They seem to contend that an issue heard and determined in a former case is binding only as to such grounds supporting or opposing said issue as were actually urged and litigated. But an issue may not be thus split into pieces. If it has been determined in a former action, it is binding notwithstanding the parties litigant may have omitted to urge for or against it matters which, if urged, would have produced an opposite result. In other words, when an issue has been litigated all inquiry respecting the same is foreclosed, not only as to matters heard but also as to matters that could have been heard in support of or in opposition thereto."

And as stated in *Flickinger* v. *Swedlow Eng. Co.,* 45 Cal.2d 388, at page 393 [289 P.2d 214]:

"The law abhors a multiplicity of actions. . . . Thus, a party cannot by negligence or design withhold issues and litigate them in successive action; he may not split his demands or defenses; he may not submit his case in piecemeal fashion. . . . If by an attempt at artful pleading, a party could assert his cause in one form in one action and, after an adverse decision on the merits, reassert it in another form in a subsequent action, there would be no end to litigation."

Authorities in addition to the above cases could be multiplied but we deem it unnecessary to do so upon a proposition so well settled. ■ For the rule has often been reiterated that the doctrine of res judicata is that an existing final judgment on the merits of a cause rendered by a court of competent jurisdiction is, in all subsequent actions, conclusive of the rights of the parties thereto and of their privies on all material issues which were or might have been determined. (*French* v. *Rishell,* 40 Cal.2d 477, 479 [254 P.2d 26]; *Dillard* v. *McKnight,* 34 Cal.2d 209, 213 [209 P.2d 387, 11 A.L.R.2d

835] ; *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 58 [183 P.2d 312].)

We therefore conclude that the court correctly determined that appellants were estopped by the judgment in the prior action and that the judgment in the prior action was res adjudicata as to the issues in each of actions involved in this appeal. Our conclusion upon this point makes it unnecessary to discuss the remaining contentions of appellant.

In view of the fact that the appeals have been submitted upon the merits, the motions to dismiss the appeals are dismissed.

The judgments are affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Petitions for a rehearing were denied January 8, 1957, and appellants' petitions for a hearing by the Supreme Court were denied February 6, 1957. Schauer, J., and Spence, J., were of the opinion that the petitions should be granted.