[Civ. No. 19978. Fourth Dist., Div. Two. July 30, 1979.]

JERRY PERKINS, Plaintiff and Respondent, v.
CHAD DEVELOPMENT CORPORATION et al., Defendants;
ROGER JANETZKY, Intervener and Appellant.

646

---

**COUNSEL**

Blumenthal, Grossman & Avis, Alan S. Avis and Ave Buchwald for Intervener and Appellant.

Hennigan & Butterwick and J. David Hennigan for Plaintiff and Respondent.

No appearance for Defendants.

## Opinion

TAMURA, J.—Plaintiff (Perkins), a cobeneficiary of a purchase money trust deed covering certain property in Riverside County, instituted nonjudicial foreclosure proceedings and purchased the property through an agent at the foreclosure sale. The agent brought a quiet title action in which Roger Janetzky intervened attacking the validity of the foreclosure sale and claiming an interest in the property. The case ultimately went to trial as a quiet title action only as between Perkins and Janetzky. The court found in favor of Perkins and entered judgment quieting title to the property in him. Janetzky appeals from the judgment.

Janetzky advances two contentions on appeal: (1) The court erred in finding he had no interest in the property and (2) the foreclosure sale was invalid because the notice of default and election to sell had been executed by only one of the cobeneficiaries of the note and trust deed.

Viewing the evidence in light of the settled rules on appeal, the basic facts may be summarized as follows:

Golden State Escrow, Inc. (Golden State) as trustee for Chad Development Corporation (Chad) executed a $23,050 promissory note payable $230 per month in favor of R. P. Wilson and Golden State, in its capacity as trustee for plaintiff Jerry Perkins, secured by a purchase money trust deed which was recorded in June 1968. A deed to the property from Golden State to Chad was recorded in October 1969. Golden State later assigned to plaintiff Perkins his beneficial interest in the note and trust deed.

Chad paid the monthly installments on the note either to Wilson or Perkins through January or February 1969. Thereafter Chad paid $115 a month to Wilson but nothing to Perkins. Following Wilson's death in 1969, Chad continued paying $115 each month to Wilson's widow (Mina Wilson) coexecutor of her husband's estate, until sometime in 1971 when it ceased making all payments. By September 1971, Chad also had

defaulted on the first trust deed and had permitted the taxes on the property to go delinquent. Perkins conferred with Mina Wilson about joining in the execution of a notice of default and on her refusal to do so he executed, served and recorded a notice of default and election to sell. At a trustee sale held in June 1972, Perkins purchased the property through his agent, Lamar Fawcett.[1]

Plaintiff through Lamar Fawcett later filed the instant action to quiet title to subject property.[2] Janetzky filed a complaint in intervention claiming an equitable interest in the property and attacking the validity of the foreclosure sale. At trial, Janetzky attempted to prove that he acquired an equitable interest in the property through oral agreements with the sole stockholder of Chad. However, there was no deed, contract or other written instrument transferring an interest in the property to Janetzky either from Chad or the stockholder.

The trial court determined that Janetzky had no interest in the property, that the foreclosure sale was valid and that Perkins was entitled to have title quieted in him.

The dispositive issue on this appeal is whether the failure of the cobeneficiary under the trust deed to execute the notice of default rendered the foreclosure sale invalid. In the ensuing discussion, we conclude that where there is more than one beneficiary, in the event of a default any beneficiary may give notice of default and election to sell.

## DISCUSSION

The following discussion of the issue here presented appears in 1 Miller & Starr, Current Law of California Real Estate (1975) Deeds of Trust and Mortgages, section 3:105, page 510: "Where there is more than one beneficiary, there is no definite authority whether the default can be declared or the notice of default executed by less than all of them. Joint beneficiaries have a community of interest in the secured obligation akin to a joint venture or partnership, and any of them should have sufficient agency powers to record the notice of default to protect their mutual interests. Therefore, probably all of the beneficiaries do *not* have to join

---

[1]Meanwhile Perkins had instituted an action against Mina Wilson and others for an accounting and for a judicial foreclosure of the trust deed. The foreclosure sale under the power of sale and a settlement between Perkins and Mina Wilson rendered that action moot.

[2]Prior to trial, Lamar Fawcett quit-claimed his interest in the property to Perkins.

in the foreclosure, but since there is serious doubt, it is better practice for all of them to do so if possible." (Original italics; fns. omitted.)

While we have found no case expressly declaring that any one of several beneficiaries may give notice of default and election to sell, that is the clear implication of the relevant authorities.

Thus, in *Bliss* v. *Security-First Nat. Bank,* 81 Cal.App.2d 50, 54-56 [183 P.2d 312], the court held that a notice of default and election to sell signed by a life tenant of the beneficial interest in a note and trust deed without the joinder of the remainderman was valid. The court reasoned that the life tenant had the right and duty to protect the corpus of the estate from waste and was empowered to take any action for the protection of the corpus, including foreclosure of the security upon default.

Where there are multiple notes secured by a single deed of trust, the holder of the note which has become delinquent is entitled to foreclosure. In *Hohn* v. *Riverside County Flood Control etc. Dist.,* 228 Cal.App.2d 605, 608-610 [39 Cal.Rptr. 647], the owner executed two notes maturing at different dates but secured by a single trust deed. The assignee of one of the notes instituted foreclosure proceedings by giving notice of default and election to sell. The court held that the foreclosure constituted a foreclosure of the entire trust deed and that the purchaser obtained title to the property and not merely to a "proportional" interest in it.

Professor Bernhardt makes the following comments concerning the multiple note situation: "Assume that two flat notes from a common debtor secured by a common deed of trust are held by different parties; one note was due yesterday and the other is due next year. Plainly the holder of the delinquent note may foreclose, even though the other note is in good standing, since the deed of trust always calls for foreclosure on nonpayment. Redman v. Purrington (1884) 65 C 271, 3 P. 883. Whether the foreclosure is judicial or private, whether or not the other note is due and whether or not the other note holder has recorded a request for notice of default, he should not only be notified of the proceedings but should be brought into them and permitted to share in the sale proceeds." Cal. Real Estate Secured Transactions (Cont.Ed Bar 1970) p. 150.[3])

---

[3]There was dictum in *Hohn* v. *Riverside County Flood Control etc. Dist., supra,* 228 Cal.App.2d 605, 607, that the nonforeclosing note holder was entitled to share only in any surplus after satisfying the indebtedness to the foreclosing note holder. Professor

■ As a cobeneficiary, Perkins was a tenant in common in the beneficial interest under the note and trust deed. ■ A cotenant has a right to protect the estate from injury or loss without the aid or assistance of other cotenants. (*Los Angeles Lighting Co.* v. *Los Angeles,* 106 Cal. 156, 159-160 [39 P. 533]; *Morin* v. *City Council,* 109 Cal.App.2d 268, 271 [240 P.2d 688]; 2 Miller & Starr, Current Law of Cal. Real Estate (1977) Types of Individual Co-Ownership, § 13:4, pp. 447-449.) ■ The debtor having defaulted on both the purchase money trust deed and the first trust deed and having permitted the taxes to go delinquent, Perkins as a cotenant was entitled to protect the common beneficial interest by foreclosing the security. Perkins executed the notice of default only after consulting with Mina Wilson and served her with a copy of the notice. She was therefore apprised of the institution of the nonjudicial foreclosure proceedings.

Janetzky contends that Civil Code section 2924 requires all beneficiaries to execute a notice of default. He relies on the language in that section providing that the power of sale "shall not be exercised . . . until (a) the trustee, . . . or beneficiary, shall first file for record, . . . a notice of default. . . ." The argument is that since Civil Code section 14 provides that as used in the code the singular shall include the plural and the plural, the singular, the word "beneficiary" as used in section 2924 includes "beneficiaries." The contention is without merit. Civil Code section 4 provides that the provisions of the code are "to be liberally construed with a view to effect its objects and to promote justice."

Janetzky also relies upon Civil Code section 860 which provides: "Where a power is vested in several persons, all must unite in its execution; but, in case any one or more of them is dead, is legally incapable of exercising the power, or releases the power, the power may be executed by the others, unless otherwise prescribed by the terms of the power." This contention also lacks merit. The power to give the notice of default and election to sell under the trust deed is vested in each beneficiary, not in "several persons." A like argument based on Civil Code section 860 was rejected in *Bliss* v. *Security-First Nat. Bank, supra,* 81 Cal.App.2d 50, 54. Furthermore, in the instant case one of the persons in whom the power was vested died so that under the terms of section 860 the survivor was entitled to exercise the power.

Bernhardt criticizes the dictum as being contrary to the California rule that the note holders are entitled to a pro rata portion of the security. (Cal. Real Estate Secured Transactions (Cont.Ed.Bar 1970) pp. 151-152.)

Finally, Janetzky argues that in a judicial foreclosure all beneficiaries would be indispensable parties and that therefore all beneficiaries must join in executing the notice of default and election to sell in a nonjudicial foreclosure proceeding. The authorities cited, however, are to the effect that all persons having a legal interest in a mortgage are necessary parties and that comortgagees who do not consent to be joined as plaintiffs should be joined as defendants. There are no cases holding that a judicial foreclosure cannot be instituted unless all beneficiaries join as plaintiffs or that a foreclosure decree cannot be entered unless all beneficiaries are made parties to the action.

■ We hold that where there is more than one beneficiary under a single note and trust deed, in the event of a default, any one of the beneficiaries is empowered to give notice of default and election to sell. ■ Therefore, Janetzky's only attack upon the foreclosure sale must fail. Since Janetzky's claim of equitable interest in the property is based upon his oral agreements with the owner of Chad made long after the recordation of the purchase money trust deed, the foreclosure sale extinguished any interest Janetzky may have had in the property.

Judgment is affirmed.

Gardner, P. J., and Morris, J., concurred.